IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANTAGE LEARNING (USA), LLC, | : | |
|     Plaintiff, | : | |
| | : | |
|        v. | : | CIVIL ACTION NO. 16-4983 |
| | : | |
| EDGENUITY, INCORPORATED, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                        **March 30, 2017**

Before the Court is the Motion by Defendant Edgenuity, Inc. to Dismiss Counts II, III, and IV of Plaintiff's Second Amended Complaint. For the reasons that follow, the motion will be granted.

## I.      BACKGROUND

The Second Amended Complaint alleges the following facts, which are taken as true for the purposes of this motion. Plaintiff Vantage Learning (USA), LLC is a software development company and the author of "adaptive" online learning software that enables schools to create individualized student lessons. Defendant Edgenuity, Inc. is a "blended learning company," which integrates online services, such as Plaintiff's software, with face-to-face learning in the classroom. Pursuant to a Master Service Agreement ("Agreement"), Plaintiff provided Defendant with use of its software for Defendant's use in school classrooms. Defendant would then administer a single essay exam to students, who were identified by a unique test number so that their identities remained unknown to Plaintiff. The completed exams would then be sent to

Plaintiff for grading.[1]  In return, Defendant agreed to compensate Plaintiff on a per-essay-submitted basis.

In April and May 2014, thousands of duplicate essays were wrongly submitted by Defendant and graded by Plaintiff.[2]  As a result, Plaintiff repeatedly rescored the same essays identified under different submission indication numbers as if they were separate unique essays, and billed Defendant accordingly.  Defendant has not paid the April or May billings, nor has it paid 30 interest invoices resulting from a 1.5% per month interest charge on unpaid billings pursuant to the Agreement.

Plaintiff seeks to recover the unpaid amounts and resulting interest under three theories: breach of contract (Count I), unjust enrichment (Count II), and negligence (Count III).  Plaintiff also brings a copyright infringement claim (Count IV) seeking statutory damages and counsel fees, based on Defendant's alleged ongoing use of registered software after the Agreement expired on December 1, 2015.  Defendant moved to dismiss Counts II, III and IV with prejudice.

## II.    STANDARD OF REVIEW

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not contain enough substance to show that plaintiff is entitled to relief.[3]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences

---

[1] Plaintiff's software may be used in one of two ways:  (1) in a "formative" fashion, whereby Plaintiff is able to track the progress of an identified student through multiple-test coaching over a designated period; or (2) in a "summative" fashion, as selected here by Defendant, which prevents Plaintiff from detecting repeated requests for retesting of the same test by Defendant because of anonymity.

[2] In April 2014, Defendant assigned to each of 349 essays approximately 1159 submission indication numbers; and in May 2014, Defendant assigned to each of 349 essays approximately 890 submission indication numbers.  This resulted in 404,638 and 310,741 essay submissions, respectively.  Plaintiff and Defendant disagree as to the cause of these errors, but resolution of this issue is unnecessary to decide the present motion.

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

in favor of the non-moving party.[4]  Courts are not, however, bound to accept as true legal

conclusions couched as factual allegations.[5]  Something more than a mere *possibility* of a claim

must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on

its face."[6]  The complaint must set forth "direct or inferential allegations respecting all the

material elements necessary to sustain recovery under *some* viable legal theory."[7]

## III.    ANALYSIS

### A.  Unjust Enrichment (Count II)

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because

this claim is unavailable where an express written agreement governs the relationship of the

parties.  Plaintiff responds that Defendant's refusal to pay the invoices implies that Defendant

disputes the validity of the contract, and that Plaintiff may therefore plead unjust enrichment as

an alternative to a breach of contract claim under Fed. R. Civ. P. 8(d)(2).

It is well-settled in Pennsylvania that the existence of a contract prevents a party from

bringing a claim for unjust enrichment.[8]  Rule 8(d)(2) nonetheless permits a plaintiff to plead

unjust enrichment in the alternative in certain circumstances, "even where the existence of a

contract would preclude recovery for unjust enrichment."[9]  Such circumstances require either

---

[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] *Twombly*, 550 U.S. at 555, 564.

[6] *Id.* at 570.

[7] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[8] *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (quoting *Third Nat'l Bank & Tr. Co. v. Lehigh Valley Coal Co.*, 44 A.2d 571, 574 (Pa. 1945) ("[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'").

[9] *Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, No. 08-cv-453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008).

that (i) the contract at issue covers only a part of the relationship between the parties,[10] or that

(ii) the existence of a contract is uncertain or its validity is disputed by the parties.[11]

The Agreement, by its terms, governs the entire relationship of the parties, and Defendant

does not argue otherwise.  Although Plaintiff claims that Defendant's refusal to pay the invoices

necessarily implies that Defendant considers the Agreement void, Defendant never argues as

much.  Instead, Defendant contends that the Agreement's per-essay-submitted fee arrangement

does not require compensation for essay duplicates—a dispute regarding the scope of the

Agreement's fee provision that does not call into question the validity of the Agreement itself.[12]

Count II will be dismissed with prejudice.

## B.  Negligence (Count III)

Defendant argues that Plaintiff's negligence claim should be dismissed because it arises

solely from the Agreement, and therefore is barred under Pennsylvania's "gist of the action"

doctrine, which provides that "an alleged tort claim against a party to a contract, based on the

party's actions undertaken in the course of carrying out a contractual agreement, is barred when

the gist . . . of the cause of action stated in the complaint, although sounding in tort, is, in

actuality, a claim against the party for breach of its contractual obligations."[13]  Plaintiff's claim

---

[10] *See, e.g.*, *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (allowing an alternative claim for unjust enrichment where plaintiff had claimed breach of contract because the contract at issue only encompassed a part of the relationship between the parties); *Kraus Indus. v. Moore*, Civil Action No. 06-00542, 2007 WL 2744194, at *8 (W.D. Pa. Sep. 18, 2007) ("[A] claim for unjust enrichment will not be barred if it concerns conduct outside the scope of the original agreement or contract.").

[11] *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012); *see also Montanez v. HSBC Mortg. Corp. (USA)*, 876 F. Supp. 2d 504, 516 (E.D. Pa. 2012) ("Courts typically allow a plaintiff to plead both a breach-of-contract claim and an unjust-enrichment claim only where there is some dispute as to whether a valid, enforceable written contract exists.").

[12] *See Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 634 (Pa. Super. Ct. 2016) (holding that where plaintiff's complaint alleged unjust enrichment as a second count, which incorporated by reference the facts pled in the first breach of contract count, the unjust enrichment count "thus averred the existence and terms of the signed [a]greement," thereby warranting dismissal).  Here, too, Plaintiff's claim for unjust enrichment incorporates by reference all facts pled in the breach of contract count.  *See* Second Amended Complaint (Doc. No. 16) ¶ 63.

[13] *Bruno v. Erie*, 106 A.3d 48, 53 (Pa. 2014).

is based entirely on the terms of the Agreement because it is predicated upon the performance of contractual duties imposed by the parties' "mutual consensus" rather than by "the breach of duties imposed as a matter of social policy."[14]

    Plaintiff argues that the negligence claim is distinct from the contract claim because Defendant had an independent public duty not to flood Plaintiff's servers with erroneous essay grading requests,[15] and Defendant's breach of this duty grounds a separate tort claim.[16]  This argument is unconvincing, as Plaintiff cites no authority that supports the existence of a separate public duty not to interfere with its servers, meaning Defendant's duty here related solely to the performance of its contractual obligations.[17]  Because Plaintiff does not allege the breach of a public duty arising under tort law, Plaintiff's negligence claim is barred under the gist of the action doctrine.  Count III will be dismissed with prejudice.

### C.  Copyright Infringement (Count IV)

    Plaintiff lastly contends that Defendant infringed on 20 copyrighted essay question "prompts" after Defendant's license to use such prompts had expired on December 1, 2015. Defendant argues that § 412(2) of the Copyright Act bars Plaintiff from recovering statutory damages or counsel fees where Defendant's alleged infringements commenced before the

---

[14] *Reese v. Pook & Pook, LLC.*, 158 F. Supp. 3d 271, 299 (E.D. Pa. 2016) (citations omitted); *see also Myerski v. First Acceptance Ins. Co.*, 3:16-CV-488, 2016 WL 3227266, at *10 (E.D. Pa. June 13, 2016) (distinguishing a "duty relating to the performance of contractual duties" from "a general duty of care owed to all the public" for purposes of the gist of the action doctrine).

[15] Plaintiff analogizes Defendant's torrent of erroneous grading requests to a "denial-of-service" (or "DoS") attack by computer hackers, although it is unclear if Plaintiff actually alleges that such an attack occurred.  *See Brennan v. Cannella*, No. 14-CV-1560, 2015 WL 2236706, at *2 n.2 (E.D. Pa. May 12, 2015) (a DoS attack is "an unlawful method of attacking a website in order to prevent legitimate users from accessing it").

[16] Doc. No. 22 (Plaintiff's Sur-Reply) at 8.

[17] Plaintiff's reliance on the Pennsylvania Supreme Court's decision in *Bruno v. Erie*, 106 A.3d 48 (Pa. 2014) is unavailing.  There, the Pennsylvania Supreme Court outlined a test for determining the applicability of the gist of the action doctrine that stressed the necessary existence of a recognized duty that is well outside the scope of the parties' contractual duties in order to sustain an actionable tort action alongside a breach of contract claim.  Here, no such recognized duty exists.

effective date of registration, even though such infringements continued after registration.[18]
Because Defendant's alleged use of the prompts started on December 2, 2015, and Plaintiff did
not register its prompts until March 14, 2016, § 412(2) bars Plaintiff's infringement claim.
Plaintiff does not contest this conclusion as to the first 15 prompts identified in the Second
Amended Complaint, which specifically set the infringement date prior to registration.

Plaintiff argues that, as to the five remaining prompts, it is unclear whether infringement
commenced prior to or after registration, and that discovery is thus necessary to determine
Plaintiff's entitlement to damages as to those prompts.  But Plaintiff registered all 20 prompts as
one copyrighted work, recorded under a single registration number[19] and § 504(c)(1) states that a
plaintiff may be awarded statutory damages "for all infringements involved in the action, with
respect to any *one work*," where "all the parts of a compilation or derivative work constitute one
work."[20]  Consequently, where different components are registered as a single work, the date of
initial infringement as to any one component will apply to the remaining components.[21]  It is
therefore irrelevant that the infringement date as to the five remaining prompts is still unknown.
Since all prompts were registered as one work, the infringement is deemed to have commenced
at "the time when the first act of infringement in a series of ongoing discrete infringements
occurs."[22]  Because it is undisputed that the first act of infringement occurred prior to

---

[18] 17 U.S.C. § 412(2); *see also Quadratec, Inc. v. Turn 5, Inc.*, No. 13-6384, 2015 WL 4876314, at *6 (E.D. Pa.
Aug. 13, 2015).

[19] Doc. No. 16-2, Ex. G (Certificate of Registration).

[20] *Quadratec*, 2015 WL 4876314, at *7 (emphasis added) (quoting 17 U.S.C. § 504(c)(1)).

[21] In *Quadratec*, plaintiff had registered three copyrighted works, each containing a collection of photographs.
Defendant used some photographs from each copyrighted work both prior and after registration.  Because plaintiff
had registered the compilations as one work, the Court declined to analyze each photograph as a separate work, so
that the infringement date related back to defendant's first violation prior to registration, even though defendant
started using some photographs after registration.  *Quadratec*, 2015 WL 4876314, at *7.

[22] *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 609 F. Supp. 1325, 1331 (E.D. Pa. 1985); *see also Gloster v.
Relios, Inc.*, No. 02-7140, 2006 WL 1804572, at *2 (E.D. Pa. June 28, 2006) ("[A] plaintiff may not recover an

registration, Count IV will be dismissed with prejudice to the extent Plaintiff seeks statutory damages and counsel fees.

**IV.      CONCLUSION**

        For the reasons stated above, Defendant's motion to dismiss is granted.  An appropriate Order follows.

---

award of statutory damages and attorney's fees for infringement that commenced after registration if the same defendant commenced an infringement of the same work prior to registration.").